**UNITED STATES of America, Appellee,**

v.

**Ruben ARCHULETA, Defendant–Appellant.**

**No. 06–3376–cr.**

United States Court of Appeals, Second Circuit.

Jan. 23, 2008.

Robert Koppelman, New York, NY, for Appellant.

Michael J. Garcia, United States Attorney, Daniel L. Stein, Diane Gujarati, Neil M. Barofsky, Assistant United States Attorneys, United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee.

PRESENT: AMALYA L. KEARSE, PIERRE N. LEVAL and JOSÉ A. CABRANES, Circuit Judges.

**SUMMARY ORDER**

Defendant-appellant Ruben Archuleta appeals from a judgment of conviction for conspiracy to distribute and possession with an intent to distribute five kilograms and more of cocaine in violation of 21 U.S.C. §§ 846, 853. Following a jury trial, Archuleta was sentenced principally to a term of 264 months' imprisonment. On

appeal, Archuleta challenges the District Court's admission at trial of certain evidence of other crimes not charged in the indictment. We assume the parties' familiarity with the facts and procedural history of the case.

We review a district court's "evidentiary rulings evidentiary rulings under a deferential abuse of discretion standard and give district court judges wide latitude in determining whether evidence is admissible at trial." *Madeira v. Affordable Housing Found.*, 469 F.3d 219, 250 (2d Cir. 2006) (internal quotation marks omitted).

The District Court properly concluded that the testimony was relevant background evidence and was inextricably intertwined with the evidence of the charged conspiracy. *See, e.g., United States v. Rosa*, 11 F.3d 315, 334 (2d Cir.1993) (holding that admission of prior crimes for background is permissible); *United States v. Carboni*, 204 F.3d 39, 44 (2d Cir.2000) (permitting the admission of evidence of prior crimes that was "inextricably intertwined" with charged conduct). As the District Court noted, the evidence was not unduly prejudicial because the bad acts discussed in the testimony were less serious than the charged conduct. *See United States v. Roldan–Zapata*, 916 F.2d 795, 804 (2d Cir.1990) (concluding that there was no unfair prejudice where the testimony involved conduct no more sensational or disturbing than the charged conduct). We, therefore, conclude that the District Court did not err in admitting the disputed testimony.

The judgment of the District Court is **AFFIRMED.**